IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| ELIZABETH STEWART,<br>And on behalf of H.S. III<br>and A.S. Minor Child in<br>underlying suit,<br><br>        Petitioner,<br><br>V.<br><br>231ST JUDICIAL DISTRICT COURT,<br>TEXAS ATTORNEY GENERAL OFFICE,<br>and HARRY STEWART, JR.,<br><br>        Respondents. | Civil Action No. 4:16-CV-999-A |

## OPINION AND ORDER

Before the Court is petitioner Elizabeth Stewart's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After having considered the petition and relief sought by petitioner, the Court has concluded that the petition should be summarily dismissed for lack of jurisdiction.

        I.    Factual and Procedural History

Petitioner is the mother of H.S. III and A.S., minor children. On July 1, 2015, an "Order for Modification Affecting the Parent-Child Relationship" was entered in the 231st Judicial District Court of Tarrant County, Texas, modifying child support and child custody provisions in the parties' final divorce decree. (Pet'r's App. 3.) By way of this petition, petitioner claims her federal and state constitutional rights to due process and her rights under Texas Family Code §§ 105.003(c), 105.005, 153.001(2), 153.004(a)-

(c), and 156.006(a), (b) were violated during the state court proceedings. (Pet. 10-25.) She asks the court to issue a writ of habeas corpus releasing her and her children "from further constitutional infringement of confinement and any and all enforcements based off the Order signed July 1, 2015 and any such other and further relief as the court may deem just and proper." (Pet. 25.)

## II. Discussion

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas corpus petition prior to any answer or other pleading by the respondent. Therefore, no service has issued upon respondents.

This court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Generally, federal habeas corpus jurisdiction does not extend to state court disputes over child custody matters, and there is no indication that petitioner is currently confined as a result of contempt or that the state has obtained custody of the children. Habeas relief under § 2254 does not confer federal court jurisdiction over petitioner's claims. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Lehman v.*

*Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502 (1982); *Anderson v. Anderson*, No. 4:14-CV-336-O, 2014 WL 3500151, at *1 n.1 (N.D.Tex. July 15, 2014); *Salinas v. Tex. Dept. of Family and Protective Servs.*, No. A-11-CA-963-SS, 2012 WL 13685, at *1 (Jan. 4, 2012); *Hodge v. Anderson*, No. 1:12-CV-400, 2012 WL 4322078, at *1 (E.D.Tex. Aug. 23, 2012).

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus be, and is hereby, dismissed for lack of subject matter jurisdiction. Further, for the reasons discussed, it is ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED October 28, 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE